*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CALVIN EATON,

       Plaintiff-Appellant,

v

JAMIE HUMPERT, ESCKILSEN SONS AND PAINTING, LAWRENCE ESCKILSEN, and JEFFREY ESCKILSEN,

       Defendants,

and

BAY JUSTICE ASSOCIATES, PLC,

       Appellee.

UNPUBLISHED
March 12, 2019

No. 341994
Bay Circuit Court
LC No. 16-003628-NI

CALVIN EATON,

       Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

       Defendant,

and

BAY JUSTICE ASSOCIATES, PLC,

       Appellee.

No. 342004
Bay Circuit Court
LC No. 16-003076-NF

Before:  METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In these consolidated cases, plaintiff—through his attorney, Jason Gower—appeals by right the trial court's order awarding $5,000 in attorney fees to attorney Edward Czuprynski of appellee Bay Justice Associates, PLC.  We reverse.

## I.  BACKGROUND

Plaintiff was involved in an automobile accident on September 26, 2013.  He retained Czuprynski's services, and the two entered into a contingent-fee agreement in November 2013. Czuprynski eventually initiated two lawsuits on plaintiff's behalf: a third-party lawsuit and a first-party lawsuit.  Czuprynski, however, waited until February 2016 to file the first-party lawsuit and until September 26, 2016—the day the statutory-limitations period was set to expire—to file the third-party lawsuit.  Based on the general lack of progress in the cases and several other allegations of misconduct, plaintiff discharged Czuprynski and retained the services of Gower.

Gower successfully negotiated a settlement of $65,000 in the third-party lawsuit and $15,000 in the first-party lawsuit, after which Czuprynski mailed Gower notice of an attorney lien through which he sought compensation for his out-of-pocket expenses and legal services performed for plaintiff on these cases.  Czuprynski claimed that he was entitled to $12,500 of the $80,000 settlement, which was consistent with a provision in the contingent-fee agreement entitling him to 1/6 of plaintiff's settlement after his discharge.  Gower filed a motion for determination of attorney fees.  Gower did not dispute that Czuprynski was entitled to out-of-pocket costs; however, Gower argued that Czuprynski was not entitled to compensation for his legal services.  According to Gower, because Czuprynski had been discharged for his misconduct, Czuprynski was precluded from recovering attorney fees—either under the contingent-fee agreement or quantum meruit.

The trial court agreed that Czuprynski had engaged in professional misconduct. Specifically, the trial court found that Czuprynski failed to timely file plaintiff's claim for first-party benefits (which prejudiced plaintiff under the one-year-back rule), failed to conduct timely discovery, and failed to disclose his contemporaneous representation of the other driver involved in plaintiff's accident.  The trial court concluded that this misconduct precluded Czuprynski from recovering under the contingent-fee agreement or quantum meruit.  Nevertheless, the trial court found that it was "fair and just and juris to give [sic] Mr. Czuprynski some benefit for the work he's done" and awarded him $5,000 in attorney fees.  This appeal followed.

## II.  ANALYSIS

We review for an abuse of discretion the trial court's decision whether to impose an attorney lien.  *Reynolds v Polen*, 222 Mich App 20, 24; 564 NW2d 467 (1997).  On appeal, Gower does not challenge the factual findings of the trial court.  Rather, Gower argues that the trial court erred by awarding Czuprynski any attorney fees in light of Czuprynski's misconduct. We agree.

When a client wrongfully terminates an attorney, the attorney is entitled to attorney fees on a *quantum meruit* basis. *Id*. Recovery is based on *quantum meruit* rather than any contingent-fee agreement "because a client has an absolute right to discharge an attorney and is therefore not liable under the contract for exercising that right." *Id*. at 24-25. Nonetheless, "quantum meruit recovery of attorney fees is barred when an attorney engages in misconduct that results in representation that falls below the standard required of an attorney (e.g., disciplinable misconduct under the Michigan Rules of Professional Conduct) or when such recovery would otherwise be contrary to public policy." *Id*. at 26.

Here, the trial court found that plaintiff justifiably discharged Czuprynski because of Czuprynski's professional misconduct. That finding has not been challenged on appeal. Therefore, because Czuprynski's professional misconduct was the basis of his discharge, Czuprynski was precluded from recovering attorney fees in *quantum meruit*. Accordingly, we conclude that the trial court abused its discretion by awarding Czuprynski $5,000 in attorney fees so that Czuprynski could recover "some benefit for the work he's done."

We reverse and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford